## WILLIAMS v. GALVESTON, H. & S. A. RY. CO. (No. 234.)

(Court of Civil Appeals of Texas. Beaumont. May 25, 1917.)

1. CARRIERS ☞320(25) — INJURY TO PASSENGER—ALIGHTING AT STATION—NEGLIGENCE —QUESTION FOR JURY.

Evidence, in action for injury to passenger in alighting at station, where the platform was 26 inches below the car step, and between the platform and step, and 16 inches below the step, there was merely a plank 12 inches wide, projecting 9 inches outside the step, covering pipes, and not intended for use for passengers, *held* to make the issues of negligence in not providing adequate means and appliances for alighting, and in the conductor not rendering proper assistance, questions for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1244.]

2. TRIAL ☞191(9)—INSTRUCTIONS—ASSUMPTION AS TO FACTS.

The instruction, in action for injury to a passenger in alighting at station platform 26 inches below car step, with nothing between except a plank, 16 inches below the step, covering pipes, 12 inches wide and extending only 9 inch-

---

es outside the step, that plaintiff could not recover if she put her foot on the edge of the plank and slipped therefrom, and there was room on it for her to have placed her foot without slipping, and but for her failure to do so she would not have been injured, is erroneous as assuming that if she could have placed her foot on the plank without slipping, and failed to do so, she was guilty of contributory negligence without regard to the care used by her.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 430.]

Appeal from District Court, Harris County; W. J. Howard, Special Judge.

Action by Emily Belle Williams against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

Gill, Jones, Tyler & Potter, of Houston, for appellant. Baker, Botts, Parker & Garwood, of Houston, for appellee.

HIGHTOWER, C. J. Appellant, Emily Belle Williams, as plaintiff below, filed this suit in one of the district courts of Harris county against appellee, Galveston, Harrisburg & San Antonio Railway Company, defendant below, to recover damages on account of personal injuries alleged to have been sustained by appellant while alighting from one of the cars of the defendant at Seabrook, Tex., on the 7th day of September, 1914. The cause was tried to a jury, and was submitted under a general charge of the court, together with two special instructions requested by appellee. A verdict was returned by the jury in favor of appellee, and judgment entered by the court in conformity with such verdict. Appellant's motion for new trial having been overruled, the case has been properly brought to this court for revision.

In her petition, appellant alleged that, after the train had arrived at the station of Seabrook, a regular station on appellee's road, and had stopped there, and the passengers were leaving the train, appellant in the exercise of due care and prudence for her own safety, undertook to descend the steps of the car in which she had been seated; that, in stepping from the lowest step of the coach to the platform of the station, her foot caught on the edge of a board or box, covering certain wires or switching apparatus running along the platform, on the side of the platform, just beneath the lowest step of the car, that appellant was violently precipitated to the ground or platform, striking her back and hips severely on the lowest step of the car and on the ground, resulting in the injury complained of.

Appellee was charged with negligence in the following particulars:

(1) "Defendant failed to provide reasonably safe appliances and equipment to enable plaintiff to leave the car with safety."

(2) "Defendant failed to place a box or stool just below the lowest step of the car, as is customary when passengers are getting off at a regular station."

(3) "Defendant failed to have the lowest step of the car sufficiently close to the platform at its station at Seabrook to enable plaintiff to descend from the car to the platform with safety."

(4) "Defendant failed to build its platform at its station at Seabrook sufficiently high and properly situated so as to enable plaintiff to descend from the car to the platform with safety."

(5) "Defendant permitted the box or board covering of the wires or switching apparatus to be placed on the platform in such a way as to interfere with or endanger the safe departure of the plaintiff from its car, and which it did do."

(6) "Defendant's employé, the conductor, although standing at the foot of the steps as plaintiff was descending, failed to render her proper and customary assistance, but was looking in the opposite direction from her, and only slightly touched her arm, rendering her practically no assistance whatever in descending from the car, which failure of the conductor was negligence, in view of the facts that the car step was so high from the platform; that no box had been placed there to step upon; and that the board covering of the wires was there."

The answer of appellee, defendant below, consisted, substantially, of a general demurrer, general denial, and plea of contributory negligence on the part of appellant, in that she failed to use ordinary care, etc., for her own safety while attempting to alight from said car.

We find in appellant's brief one assignment of error only, upon which she relies for a reversal of the judgment against her, and this assignment challenges the correctness of the action of the trial court in giving to the jury special charge No. 2 requested by appellee, reading as follows:

"If you believe from the testimony that the plaintiff, in alighting from the train, put her foot on the edge of the boxing and slipped therefrom, and was injured, and if you further believe that there was room on the boxing for her to have placed her foot without slipping, and she failed to do so, and without failing to do so she would not have been injured, then you are instructed that the plaintiff cannot recover, and your verdict should be for defendant."

There are eight propositions of law submitted under this assignment, showing reasons advanced by appellant why the giving of this charge by the court was prejudicial error, and, while we do not deem it necessary to set them out literally, we will state briefly the substance of several of such propositions. We might say, first, that the court, in the main charge, submitted to the jury for their consideration each ground of negligence relied upon by appellee for recovery, as above mentioned, and instructed the jury that in the event they should believe from a preponderance of the evidence that the appellee was guilty of all or any one of the acts or omissions charged to be negligence by plaintiff, and that plaintiff was proximately caused to be injured by any one or all of such acts of negligence, then to find in favor of plaintiff. Now having given this general charge to the jury, submitting all the grounds of negligence relied upon by appellant, the court, over the objection and protest of appellant timely and properly made, gave to the jury

special instruction No. 2 above set out, at the request of appellee, which had the effect to take from the consideration of the jury every ground of negligence relied upon by appellant, and which was submitted in the court's main charge for the jury's consideration, save and except the one ground which said special instruction submits, and affirmatively told the jury that, unless the jury could find in appellant's favor on such one ground, they would be compelled to return a verdict in favor of defendant. The giving of this special charge by the trial court was error, we think, for several reasons: First, because such charge expressly took from the consideration of the jury several grounds of negligence alleged and relied upon by appellant for recovery, and which allegations were sufficiently supported by proof to warrant consideration by the jury and a verdict in favor of appellant, if such evidence in support of such allegations should have been found by the jury to be true. We shall not discuss this evidence in detail, for we feel that it would serve no useful purpose to do so, but will merely allude to some of the grounds relied upon, which we think were supported by the evidence in such manner as to have required the submission of such issues to the jury.

[1] For instance, we think that the evidence was sufficient to have carried to the jury the first ground of negligence alleged, to the effect that appellee failed to provide reasonably safe means and equipment to enable appellant to leave the car with safety. The evidence discloses the fact, without contradiction, that the platform at the station of Seabrook was at least 26 inches below the lowest step on appellee's passenger train from which appellant had to alight, and, while the evidence shows that there was some kind of a boxing laid on this platform for the purpose of covering and protecting some character of pipe or pipe line, yet the evidence tends to strongly show that this boxing or pipe covering was not intended for use by passengers as a means of alighting from appellee's trains at said point, though passengers sometimes, as the evidence shows, stepped onto this boxing, and from there to the platform. The top of this boxing itself was fully 16 inches below the lowest step of the car from which appellant was compelled to alight, according to one of appellee's own witnesses, who actually measured the distance, and all the testimony shows that the width of this boxing did not exceed 12 inches, its covering or top plank being a 2x12, that is a plank 2 inches thick and 12 inches wide, and according to the undisputed testimony, as we gather it, the width of the top of this boxing was diminished from 2½ to 3 inches, by reason of the fact that that much of the top of the boxing extended under and was overlapped by the step of the car itself, measured by a line drawn perpendicular from the bottom of the step to the top of this boxing,

and we assume that the width of this boxing or top plank would be still considerably further reduced, in so far as the question of room for a passenger's foot was concerned, and especially the plaintiff in this case, who was shown to be a woman of between 175 and 190 pounds in weight, for we assume that the size and shape of the calf of such a person's leg in descending from the step to this box would take up several more inches of this boxing, and it is not unreasonable to suppose, as we view the situation, reflected by the record, that this lady had some difficulty in getting down from the step onto this boxing with even an inch of room to spare, though appellee intimates in its brief that there was at least a space of 9 inches in width on this boxing in which appellant could have placed her foot; but we take it that in this conclusion appellee makes no allowance for the size of the lady's leg, or anything else, but concludes that she should have stepped down in such manner as would have permitted the full space of 9 inches on which to place her foot. This could have only been possible, perhaps, in the case of a line drawn perpendicular from the top of the step to the top of this boxing beneath, and would have been impossible, we think, in the case of any passenger, without a very great effort in placing her heel on the boxing in such manner as to have been extended back under the step itself, which would, perhaps, have left the passenger in a very awkward position. While it is pleaded by appellee that this boxing was intended to take the place of a footstool usually and customarily used for enabling passengers to alight, and that it was sufficient, in the place of such a stool, yet appellee, in its brief, expressly states that this boxing over this pipe was not constructed for use by passengers in alighting, and was never intended by appellee to be used for such purpose. If this be true, then, in view of the fact that the distance from the car step to appellee's platform at this station was at least 26 inches, certainly, we think, it ought to have been left to the jury to determine whether or not the means and appliances at this point furnished by appellee to passengers to enable them to alight from its trains were adequate and sufficient for such purpose.

Without discussing this point further, we hold that this ground of negligence ought to have been submitted to the jury, as was done by the court's main charge, but which was expressly taken from the jury by the special charge given at the request of appellee.

We also think that there was error in the court's action in taking from the jury, as was done by the giving of this special charge, the second ground of negligence alleged by appellant, to the effect that appellee failed to have a box or stool below the step of the car, for the purpose of safely permitting passengers to alight, for the evidence is undisputed that such a stool or box, as is al-

leged and shown to have been customarily used for such purposes, was not there, and which might have been used by appellant in alighting from said car. It is, in effect, also alleged, as hereinbefore shown, that appellee's platform at the station of Seabrook was too low and far from the steps to enable passengers to alight with safety to themselves, and we think that the evidence was sufficient to support this allegation of negligence, and the jury should have been permitted to consider the same. But this was taken from the jury's consideration by the giving of the special instruction complained of.

We are also of the opinion that appellant's allegation of negligence, to the effect that appellee's conductor failed to properly and sufficiently assist appellant while alighting from its car, when said conductor was present, and knew of the situation surrounding appellant, and the insufficient facilities afforded to her by appellee for the purpose of enabling her to alight from the car. It is true, the conductor testified, in substance, that he rendered all the assistance he could in helping appellant while in the act of alighting; but appellant's own testimony on this point is to the effect that the conductor very lightly touched her arm about the elbow, and rendered her practically no assistance while in the act of alighting from the car. It is true, as contended by appellee, that appellant's sister testified that she saw the conductor while he was in the act of assisting appellant to alight from the car, and the sister thought that the conductor rendered her such assistance as was customarily rendered passengers; but this is about all that the sister testified on this point. We believe that, under the circumstances surrounding appellant, the condition of the means and facilities afforded by appellee to enable passengers to alight from its train at such point, etc., this issue should have been permitted to go to the jury, as was done by the court's main charge, but which was taken from the jury's consideration by the special instruction given at appellee's request.

[2] It is also insisted by appellant that the giving of the special instruction complained of was, in effect, to tell the jury that if, in fact, there was room on the top of the boxing above mentioned for appellant to have placed her foot without falling, and she failed to do so, and but for such failure would not have been injured, then appellant was guilty of contributory negligence, and appellee was entitled to a verdict. We think this contention is correct, and, while the term "contributory negligence" is not used in this instruction, yet the effect of it was to tell the jury that a mistake on appellant's part, or misstep by her in any way, which caused her to fall, would bar her recovery, whether or not such fall resulted from a failure on her part to use ordinary care, or such care as a person of ordinary prudence would have used under the same or similar circumstances. We sustain this contention made by appellant. The court was not warranted in assuming, as matter of law, that appellant would be guilty of contributory negligence if the facts submitted in this special charge existed. It is very true, perhaps, that the court could have properly eliminated from the consideration of the jury the question as to whether such act proximately contributed to her injury, because her act was so directly connected with the injury as to necessarily contribute thereto, and, if such act was negligence on her part, it would necessarily follow that there would be no issue of proximate cause involved in her act.

It will not do to say that, because the court submitted in its main charge the grounds of negligence which we have found ought to have been submitted, appellant cannot complain of the special instruction, which we have been discussing, and which took from the jury, as we have shown, the very grounds of negligence which were submitted in the main charge, because the giving of the special charge had the effect to nullify the main charge, or at least, by giving the special charge, there was such a contradiction in the instructions given by the court to the jury that it must be held that the giving of the special charge was prejudicial error. But, in justice to appellee's counsel, we shall say that no such contention is made by them, but they take the broad ground that no prejudicial error was committed by the trial court in giving the special charge complained of, for the reason that the evidence was such that the court should have instructed, peremptorily, in favor of appellee. From what we have said, it follows that this contention of appellee cannot be sustained.

We have already said more than was perhaps necessary in disposing of this case, and it follows that it is our opinion that the judgment of the trial court should be reversed, and the cause remanded; and it is so ordered.